UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SMITH | CIVIL ACTION |
| VERSUS | NO: 13-6323 |
| UNION CARBIDE CORP., ET AL. | SECTION: **"J"** (5) |

**ORDER AND REASONS**

Before the Court are three *Motions for Summary Judgment* filed by Defendants Union Carbide Corporation (Union Carbide) **(Rec. Doc. 66)**, Ethyl Corporation (Ethyl) **(Rec. Doc. 71)**, and Dow Chemical Company (Dow Chemical) **(Rec. Doc. 73)**, Plaintiff Miriam P. Smith's oppositions thereto (Rec. Docs. 77, 78, 79), and Defendants' replies. (Rec. Docs. 98, 101, 103) Having considered the motions and memoranda of counsel, the record, and the applicable law, the Court finds that Defendants' motions should be **GRANTED IN PART** for the reasons set forth more fully below.

**FACTS AND PROCEDURAL HISTORY**

This matter arises out of a state law tort suit wherein Walter Hanson Smith, Jr. (Mr. Smith) alleged that he developed mesothelioma as a result of his exposure to asbestos in varying locations across the Gulf Coast, including a few job sites in

Louisiana. Mr. Smith filed suit in Civil District Court for the Parish of Orleans on November 2, 2012. Shortly after the suit commenced, Mr. Smith passed away and his wife, Miriam P. Smith (Mrs. Smith), was substituted as Plaintiff.

Four of the original defendants in this matter were Louisiana citizens: Taylor-Seidenbach, Inc. (Taylor), Eagle, Inc. (Eagle), McCarty Corp. (McCarty), and Maryland Casualty Insurance Company (Maryland). Following the dismissals of Eagle, McCarty, and Maryland, Defendants removed the matter to this Court.[1] Defendants asserted that Plaintiff improperly joined Taylor, the sole remaining Defendant with Louisiana citizenship. Plaintiff disagreed and filed a Motion to Remand, which this Court denied. Plaintiff subsequently settled with Taylor.

The remaining Defendants, Union Carbide, Ethyl, and Dow Chemical, are property owners on whose premises Mr. Smith worked as a pipe insulator. Mr. Smith was not a direct employee of any of the remaining Defendants. Rather, he was a union member who was hired by various contractors to perform work on Defendants' premises. Although Mr. Smith was not deposed prior to his passing, his co-worker, Donald Howell, testified regarding Mr. Smith's work history and conditions. Mr. Howell testified that

---

[1] Plaintiff is an Alabama citizen. None of the Removing Defendants are Alabama or Louisiana citizens.

between 1963 and 1970 Mr. Smith worked at Union Carbide's Taft facility for a one- to two-week period; Ethyl's Baton Rouge facility for no more than one to two weeks; and Dow Chemical's Plaquemine facility for a three- to four-week new construction job. At each location, Mr. Smith performed asbestos pipe insulation and mixed asbestos cement. Additionally, at Union Carbide and Dow Chemical, Plaintiff alleges that Mr. Smith further assisted with the tear-out of asbestos pipe insulation. According to Mr. Howell, when Mr. Smith cut and installed the pipes, the air became filled with dust. When Mr. Smith mixed the asbestos cement, Mr. Howell testified that the air would be so thick with dust that it could "stop your nose up." Mr. Smith's work and that of others around him led to the dusty conditions. While performing this work, Mr. Smith used his own tools and received instruction from the contractors who hired him. Mr. Howell, however, could not provide the identities of the contractors for whom Mr. Smith worked on Defendants' premises.

Defendants Union Carbide (Rec. Doc. 66) and Ethyl (Rec. Doc. 71) filed their Motions for Summary Judgment on August 26, 2014. Defendant Dow Chemical filed its Motion for Summary Judgment on August 27, 2014. (Rec. Doc. 73) Plaintiff filed oppositions on September 16, 2014. (Rec. Docs. 78, 79, 80) Defendants replied on September 24, 2014. (Rec. Doc. 98, 101, 103)

**PARTIES' ARGUMENTS**

**A. Negligence**

Defendant Union Carbide argues that it is entitled to summary judgment on Plaintiff's survival and wrongful death claims because Union Carbide owed no duty to Mr. Smith. Union Carbide stresses that under Louisiana law, "no legal duty exists between a premises owner and the employee of a contractor, unless the premises owner exercised control over the work of the contractor." Thus, because Mr. Howell testified that Mr. Smith performed his work according to the contractor's instructions and supervision rather than Union Carbide's, Union Carbide owed no duty to Mr. Smith. Union Carbide therefore cannot be found to be in breach of any duty, that is, negligent.

Defendants Ethyl and Dow Chemical similarly assert that they cannot be held negligent for their independent contractor's negligence.[2] First, Ethyl and Dow Chemical state that a principal owes no duty to its contractor's employees "absent a showing that the principal's conduct created the risk or the principal retained control over the contractor's employees." Because Plaintiff cannot show that Ethyl or Dow Chemical created asbestos dust by disturbing asbestos products or exercised control over the contractor's workers' work, Ethyl and Dow Chemical argue they

---

[2] The Court presents Ethyl's and Dow Chemical's arguments together because they submitted nearly identical motions and memoranda.

owed no duty to Mr. Smith and cannot be found negligent. Second, Ethyl and Dow Chemical assert that a principal cannot be held liable for the acts of its independent contractor unless the contracted-for work involves an ultrahazardous activity or the principal retains control the contractor's work. Neither of these exceptions apply here because working with asbestos-containing insulation is not an ultrahazardous activity, and Defendants did not retain control over their contractor's work. Finally, Ethyl and Dow Chemical maintain that they are not liable to Plaintiff as the premises owner. A premises owner has no duty to protect its independent contractor's employees where the hazard at issue arises from work on the premises rather than the premises itself. Ethyl and Dow Chemical insist that the hazard to which Mr. Smith was exposed and that allegedly caused Mr. Smith's injury—asbestos-containing dust—was a hazard inherent in Mr. Smith's work installing and removing asbestos pipe insulation and mixing asbestos cement. The hazard was not unique to Ethyl's or Dow Chemical's premises. Thus, Ethyl and Dow Chemical seem to argue that because the hazard is inherent in the work, it is a hazard that arises from work on the premises rather than the premises itself.[3]

Plaintiff argues that Defendants are not entitled to summary

---
[3] Although Ethyl's and Dow Chemical's briefs do not state as much overtly, this seems to be the force of their argument.

judgment. Plaintiff argues that Defendants failed to present summary judgment evidence establishing that they did not owe a direct and independent duty to Mr. Smith as the premises owner. Rather, Defendants focused on whether they, as principals, owed a duty to their independent contractor's workers, including Mr. Smith. As such, Plaintiff avers that the burden did not shift to her to present evidence regarding Defendants' duty to Mr. Smith. In the alternative, if this Court finds that Defendants met their burden, Plaintiff contends that she has presented sufficient evidence to raise a genuine issue of material fact regarding Defendants' direct liability under theories of negligence and strict liability, thereby precluding summary judgment.

**B. Strict Liability**

Defendants Ethyl and Dow Chemical also argue that Plaintiff's strict liability or custodial liability claims fail.[4] Establishing a strict or custodial liability claim under Louisiana law requires a plaintiff to show that (1) the defendant had custody or control over the thing that caused the damage; (2) the thing had a "vice, ruin, or defect that presented an

---

[4] Defendant Union Carbide does not seem to present any arguments regarding Plaintiff's strict liability claim in its Motion for Summary Judgment, although it has moved for summary judgment on all of Plaintiff's survival and wrongful death claims, which would encompasses the strict liability claim. Although Union Carbide directly addresses the strict liability claim in its reply memorandum, Union Carbide does not present arguments beyond those offered by Ethyl and Dow Chemical in their Motions for Summary Judgment. Thus, the Court summarizes Ethyl and Dow Chemical's arguments here.

unreasonable risk of harm"; and (3) that "vice, ruin, or defect was the cause-in-fact of the resulting injury." (Rec. Doc. 71-1, p. 16) First, Ethyl and Dow Chemical maintain that they did not have custody or control over the asbestos-containing products that allegedly caused Mr. Smith's injury. Second, Ethyl and Dow Chemical urge that under Louisiana law a temporary condition arising from construction or maintenance does not constitute a "defect" in satisfaction of the second element of a strict or custodial liability claim. Here, because Mr. Smith's alleged exposure to asbestos dust on Ethyl's and Dow Chemical's premises occurred during construction, Plaintiff cannot fulfill the second element of a strict liability claim. Plaintiff's strict liability claims therefore fail.

Plaintiff counter argues that Ethyl and Dow Chemical are strictly liable for the asbestos they had in their custody. Plaintiff does not dispute the three elements of a strict liability claim as recited by Defendants. However, Plaintiff states that, contrary to Ethyl and Dow Chemical's assertions, Ethyl and Dow Chemical had the requisite custody or control over the asbestos to support her strict liability claim because they owned and had physical custody of the asbestos. Plaintiff further argues that asbestos is not a temporary hazard. Consequently,

Plaintiff maintains that Ethyl and Dow Chemical are not entitled to summary judgment on her strict liability claim.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. Little, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." Delta, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed

verdict if the evidence went uncontroverted at trial.'" Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." Id. at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See id. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. See, e.g., id. at 325; Little, 37 F.3d at 1075.

## DISCUSSION

### A. Negligence

#### 1. Vicarious Liability

Defendants argue that, as principals, they owe no duty to their independent contractors' workers. Likewise, Defendants

argue they are not liable for their independent contractors' negligence. Plaintiff does not oppose Defendant's vicarious liability arguments, clarifying that she bases her negligence claims upon the breach of the direct and independent duty that Defendants owed to Mr. Smith as premises owners. In fact, Plaintiff admits that Defendants are not vicariously liable. (Rec. Doc. 77, p. 6; Rec. Doc. 78, p. 7; Rec. Doc. 79, p. 7) Consequently, insofar as Plaintiff raises any negligence claims sounding in vicarious liability against Defendants, this Court grants Defendants' motions for summary judgment on these claims.

**2. Direct Liability**

Pursuant to Louisiana law, a court will determine liability for negligence by applying the Duty/Risk analysis. <u>Terese v. 1500 Lorene LLC</u>, No. 09-4342, 2010 WL 4702369, at *2 (E.D. La. Nov. 12, 2010)(Fallon, J.). This analysis requires proof of five separate elements:

> (1) proof that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) proof that the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) proof that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the causein-fact element); (4) proof that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) proof of actual damages (the damages element).

<u>Id.</u> (citations omitted).

First, "[t]he existence of a duty is a question of law." Id. at 3. "In general, a premises owner has a duty of exercising reasonable care for the safety of persons on its premises and a duty of not exposing such persons to unreasonable risks of injury or harm."[5] Thomas v. A.P. Green Industries, Inc., 2005-1064, at *8 (La. App. 4 Cir. 5/31/06); 933 So. 2d 843, 852; see also Terese, 2010 WL 4702369, at *3 (same). "This duty extends to employees of independent contractors for whose benefit the owner must take reasonable steps to ensure a safe working environment." Thomas, 933 So. 2d at 852. Thus, here, it is clear that Defendants owed a duty to Mr. Smith. The question then becomes whether Defendants are correct in arguing that there is insufficient evidence to prove any breach of this duty.

In Jefferson v. Cooper/T Smith Corp., the Louisiana Court of Appeal for the Fourth Circuit reversed the trial court's granting of summary judgment in favor of a defendant premises owner because the plaintiff presented a genuine issue of material fact as to whether the premises owner breached its independent duty to its contractor's workers on its premises. 2002-2136 (La. App. 4 Cir. 10/1/03); 858 So. 2d 691 (Cannizzaro, J.). A worker's widow filed suit against the premises owner, alleging that her husband

---

[5] For a thorough explanation of why Defendants' arguments refuting "vicarious liability" cannot extend to extinguish the property owner's independent duty to those on its premises, see Terese, 2010 WL 4702369, at *3.

had been exposed to asbestos while working as a longshoreman on the defendant's premises. Id. at 692. The plaintiff presented no evidence showing that the premises owner ever handled, stored, or controlled the asbestos. Id. at 694. Instead, the plaintiff provided evidence revealing that the workers on defendant's property were exposed to asbestos during their work, suggesting that the premises owner was aware of the risks that asbestos posed, and indicating that the premises owner defendant had the authority to prevent asbestos-containing products from entering its premises. Id. at 695. The court concluded that although it was clear that the defendant's contractors maintained control and custody of the asbestos at all times, plaintiff had presented a genuine issue of material fact precluding summary judgment as to "whether [defendant] knew or should have known of the dangers posed by asbestos at the time [the deceased worked on defendant's premises], whether [defendant] knew or should have known that its facilities were inadequate for the handling and storage of asbestos on or in its premises, and whether it could have refused such hazardous cargo." Id. at 695-96. Other recent cases have reached a similar conclusion. See, e.g., Thomas, 933 So. 2d 843.

Here, Defendants argue that they did not breach the duty owed to Plaintiff because they did not handle the asbestos, and Plaintiff cannot prove as much. However, Jefferson makes it clear

that such evidence is unnecessary. 858 So. 2d at 694-96. Additionally, Plaintiff has responded to Defendants' arguments refuting any breach of its independent duty by presenting evidence that shows Mr. Smith was exposed to asbestos while working on Defendants' premises. Plaintiff also presents evidence raising a question as to whether Defendants (1) knew or should have known of the dangers that asbestos posed when Mr. Smith worked on their premises, (2) requested asbestos products despite those dangers, and (3) knew or should have known that their premises were inadequate for the safe handling of asbestos. This Court therefore finds that Plaintiff has raised a genuine issue of material fact as to whether Defendants breached the independent duty they owed to those on their premises.

Defendants nevertheless argue that they cannot be held liable in negligence for a hazard that was inherent in Mr. Smith's work. They insist that cases such as <u>Jefferson</u> are distinguishable on this basis because Mr. Smith was an asbestos insulator whereas the deceased in <u>Jefferson</u>, for example, was a longshoreman. <u>See</u> <u>id.</u> at 692. The Court acknowledges that Defendants' argument has some force. However, Defendants rely on caselaw that negates any duty based upon the principal-independent contractor relationship requiring the principal to protect its independent contractors' employees from dangers

inherent in their job. See, e.g., Perkins v. Gregory Mfg. Co., 95-0136, at *7 (La. App. 3 Cir. 3/20/96); 671 So. 2d 1036, 1040. Furthermore, it seems that Plaintiff and Defendants admit that asbestos can be used safely. See, e.g., (Rec. Doc. 73-2, p. 2; Rec. Doc. 101, p. 2) If that is the case, then it would seem strange indeed to argue that the risk posed by asbestos is necessarily inherent in the job of an insulator. Thus, this Court believes that Jefferson still applies to the instant case. Plaintiff has presented a genuine issue of material fact as to whether Defendants breached the independent duty they owed to Mr. Smith. As such, summary judgment on Plaintiff's direct negligence claims would be inappropriate at this time.

**B. Strict Liability**

Louisiana Civil Code Article 2317 imposes strict liability for the damage that is caused by the things that we have in our custody.[6] See Venezia v. ConocoPhillips Co., No. 12-2168, 2014 WL 107962, at *10 (E.D. La. Jan. 9, 2014)(Vance, J.). To establish strict liability under Article 2317, a plaintiff must show that: "(1) the thing which caused the damage was in the care, custody and control of the defendant; (2) the thing had a vice or defect which created an unreasonable risk of harm; and (3) the injuries

---

[6] Although Article 2317.1 modifies Article 2317 by replacing the strict liability standard with a negligence standard, this amendment occurred in 1996. Because the law in effect at the time of exposure applies, the strict liability standard applies in this case. See Watts v. Georgia-Pacific Corp., 2012-0620, at *5-6 (La. App. 1 Cir. 9/16/13); 135 So. 3d 53, 59.

were caused by this defect." <u>Migliori v. Willows Apartments</u>, 98-1814, at *5 (La. App. 4 Cir. 2/3/99); 727 So. 2d 1258, 1260. "'Custody,' for purposes of strict liability, does not depend upon ownership, but involves the right of supervision, direction, and control as well as the right to benefit from the thing controlled." <u>Haydel v. Hercules Transport, Inc.</u>, 94-0016, at * (La. App. 1 Cir. 4/7/95); 654 So. 2d 408, 414. To be liable, a defendant must have such custody of the thing at the time it causes the injury. <u>See</u> <u>Goudchaux v. State Farm Fire & Cas. Co.</u>, 407 So. 2d 1317, 1320 (La. App. 3 Cir. 1981). "In a strict liability determination, 'defect' is an imperfection or deficiency which inheres with relative permanence in a thing as one of its qualities." <u>Haydel</u>, 727 So. 2d at 415. A temporary condition therefore does not constitute a defect under Article 2317. <u>See</u> <u>id.</u>

As an initial matter, it is unclear whether the "thing" in question is Defendants' premises generally or the asbestos used in those facilities more specifically. However, this Court finds that, either way, Defendants are entitled to summary judgment on Plaintiff's strict liability claims. Defendants assert that they did not have ownership of the asbestos until after it was installed and put into service at their facilities. Defendants also stress that at the time of installation, which is when Mr.

Smith was exposed to the asbestos products, the insulation contractors controlled the asbestos. They point to evidence in the record to support this fact. Although Plaintiff in her opposition does not dispute the ownership of the asbestos at the time of installation, Plaintiff suggests that Defendants exerted control over the asbestos work by specifying that the contractors use asbestos and by regulating the security of their facilities without requiring the use of safety equipment. Alternatively, Plaintiff could be arguing that Defendants had custody of their premises more generally.

Assuming that the thing in question is the asbestos, this Court finds that Defendants did not have custody of the asbestos at the time of Mr. Smith's exposure. Deposition testimony reveals that the contractors and the insulators themselves had custody of the asbestos at that time. See, e.g., (Rec. Doc. 73-1, pp. 8-10) Although Defendants may have specified that asbestos be used and generally governed safety (Rec. Doc. 78, p. 13), Plaintiff has not pointed to evidence showing that they had custody of the asbestos sufficient to support liability under Article 2317.

Assuming in the alternative that the thing in question is the premises itself, the Court finds that the hazard in the thing was temporary in nature and therefore does not constitute a defect in satisfaction of the second element of a strict

liability claim under Article 2317. The record reveals that Mr. Smith's exposure to the asbestos dust occurred during construction or maintenance activities on the premises. Those activities and the dusty conditions they created were temporary in nature. They therefore cannot constitute a defect under Article 2317. See Dauzat v. Thompson Constr. Co., Inc., 02-989, at *6 (La. App. 5 Cir. 1/28/03); 839 So. 2d 319, 322-23 (finding that temporary hazards are not "defects" under Article 2317); Barron v. Webb, 29,707, at *5 (La. App. 2 Cir. 8/20/97); 698 So. 2d 727, 730 (same, before the amendment to Article 2317); see also Hammons v. Forest Oil Corp., No. 06-9173, 2008 WL 348765, at *4 (E.D. La. Feb. 7, 2008)(Africk, J.)(applying Louisiana law). Plaintiff cites to Watts v. Georgia-Pacific Corp. for the proposition that asbestos is not a temporary hazard. 2012 CA 0620 (La. App. 1 Cir. 9/16/13); 2013 WL 5173864, at *8. In Watts, however, the "thing" in question was the asbestos itself. It was not the premises on which the asbestos exposure occurred. See id. at 7-8. The defect in asbestos is not temporary; it is the dusty condition during construction on Defendants' premises that was temporary. Plaintiff's argument in this regard is therefore without merit. This Court finds that Defendants are entitled to summary judgment in their favor as to Plaintiff's strict liability claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motions for Summary Judgment* **(Rec. Docs. 66, 71, 73)** are **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Defendants' motions are **GRANTED** with respect to any negligence claim Plaintiff may have raised that is based upon vicarious liability.

**IT IS FURTHER ORDERED** that Defendants' motions are **GRANTED** with respect to Plaintiff's strict liability claims.

**IT IS FURTHER ORDERED** that Defendants' motions are **DENIED** regarding Plaintiff's independent negligence claims.

New Orleans, Louisiana, this 1st day of October, 2014.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE