UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SMITH | CIVIL ACTION |
| VERSUS | NO: 13-6323 |
| UNION CARBIDE CORP., ET AL. | SECTION: "J" (5) |

## ORDER AND REASONS

Before the Court is Plaintiff Miriam P. Smith's *Motion for Summary Judgment* **(Rec. Doc. 62)**, which is unopposed. Having considered the motions and memorandum of counsel, the record, and the applicable law, the Court finds that Plaintiff's motion should be **GRANTED** for the reasons set forth more fully below.

## FACTS AND PROCEDURAL HISTORY

This matter arises out of a state law tort suit wherein Walter Hanson Smith, Jr. (Mr. Smith) alleged that he developed mesothelioma as a result of his exposure to asbestos in varying locations across the Gulf Coast, including a few job sites in Louisiana. Mr. Smith filed suit in Civil District Court for the Parish of Orleans on November 2, 2012. Shortly after the suit commenced, Mr. Smith passed away and his wife, Miriam P. Smith (Mrs. Smith or Plaintiff), was substituted as Plaintiff. Mr. and

Mrs. Smith were both citizens of Alabama at the time of the filing of this suit, and Mrs. Smith remains an Alabama citizen.

Four of the original defendants in this matter were Louisiana citizens: Taylor-Seidenbach, Inc. (Taylor), Eagle, Inc. (Eagle), McCarty Corp. (McCarty), and Maryland Casualty Insurance Company (Maryland). Following the dismissals of Eagle, McCarty, and Maryland, Defendants removed the matter to this Court. Defendants asserted that Plaintiff improperly joined Taylor, the sole remaining Defendant with Louisiana citizenship. Defendants argued that there is "no evidence whatsoever that would support a claim against Taylor-Seidenbach, Inc. in this matter." (Rec. Doc. 1, p. 6) Plaintiff disagreed and filed a Motion to Remand. This Court denied the motion, finding that it did not appear reasonably possible that a state court would impose liability on Taylor. (Rec. Doc. 24, p. 12) Plaintiff subsequently settled her claims with Taylor.

On August 25, 2014, Plaintiff filed a Motion for Summary Judgment that there is and can be no liability found on the part of Taylor. Defendants have not opposed the motion.

## **LEGAL STANDARD**

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine

issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citing Fed. R. Civ. Proc. 56(c)). The moving party bears the initial burden of demonstrating to the court that there is an absence of genuine factual issues. Id. Once the moving party meets that burden, the non-moving party must go beyond the pleadings and designate facts showing that there is a genuine issue of material fact in dispute. Id. "A factual dispute is 'genuine' where a reasonable jury could return a verdict for the non-moving party. If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial and summary judgment is proper." Weber v. Roadway Exp., Inc., 199 F.3d 270, 272 (5th Cir. 2000) (citations omitted). The non-moving party's burden "is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. [The courts] resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *[The courts] do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."* Little, 37 F.3d

1075 (citations omitted).

## **PARTY'S ARGUMENT & DISCUSSION**

Plaintiff argues that because this Court has previously found that her claim against Taylor is unsupported by the evidence, she is entitled to summary judgment that Taylor cannot now be found responsible or liable for any of her damages. Defendants removed the instant action from state court, asserting that Plaintiff improperly joined Taylor, the sole remaining non-diverse defendant, because Plaintiff could not recover against Taylor in state court. Defendants so argued because "[t]here is no evidence whatsoever that would support [Plaintiff's] claim against Taylor." Defendants therefore will be unable to prove that Taylor's negligence caused Plaintiff's damages at trial as would be necessary for Defendants to be entitled to a reduction of the damage award. Plaintiff seeks summary judgment on the issue to prevent Defendants from making such an argument.

A defendant may seek a credit for the share of fault attributable to a joint tortfeasor who has previously settled with the plaintiff in order to reduce the damage award for which the defendant is responsible. Terrance v. Dow Chem. Co., 2006-2234, at *13 (La. App. 1 Cir. 9/14/07); 971 So.2d 1058, 1067. A defendant is only entitled to such a reduction, however, if the alleged joint tortfeasor was "released from liability and

actually *proven* to be [a] join tortfeasor[]." Id. The defendant therefore must be able to prove that the joint tortfeasor who previously settled "negligently caused the plaintiff['s] damages." Id.

The Court concludes that even when the scant evidence to support liability on the part of Taylor is assumed true and all inferences are made in favor of such liability, the evidence is insufficient to prove that Taylor was negligent. As this Court has previously stated,

> The evidence that Mrs. Smith puts forth shows that Mr. Smith *might* have worked at some of the same sites at the same time as [Plaintiff's witness], who was working as a Taylor employee. The timing is tenuous, however, because [Plaintiff's witness] and Mr. Smith only could have overlapped at those sites in 1969. It is further true that Mr. Smith *might* have worked at American Cyanamid while Taylor products were being used; however, this is again very tenuous because [Plaintiff's witness] can only testify that Taylor intermittently supplied products to American Cyanamid over a three decade span, and Mrs. Smith only has evidence that Mr. Smith worked there for four weeks during that entire time span.

(Rec. Doc. 24, p. 11)(footnote and citations omitted). Although this evidence may create "a suggestion that [Taylor] may have supplied [its asbestos] products" for use at Mr. Smith's worksites during the relevant period, it is insufficient to prove that Mr. Smith "had significant exposure to [Taylor's asbestos-containing product] to the extent that it was a substantial factor in bringing about his injury." Thibodeaux v. Asbestos

Corp. Ltd., 2007-0617, at *10, 12 (La. App. 4 Cir.2/20/08); 976 So. 2d 859, 865-67. It is therefore insufficient to meet the applicable burden of proof. Id. Defendants have not opposed the motion, choosing not to attempt to present evidence showing that there is a genuine issue of material fact precluding summary judgment on this issue. Thus, the Court finds that Plaintiff is entitled to summary judgment that there is and can be no liability found on the part of Taylor.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's **Motion for Summary Judgment (Rec. Doc. 62)** is **GRANTED**.

New Orleans, Louisiana, this 2nd day of October, 2014.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE